UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DERRICK HAMILTON,

Plaintiff,

-against-

NEW YORK CITY MUNICIPAL; ANDREA B.
EVANS, Chairwoman of the New York State Parole
Board

Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS

---

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, NY  10007*

*Of Counsel:  Toni Gantz*
*Tel:  (212) 788-0908*

**LAW OFFICE OF DANIEL W. COFFEY**
*Co-Counsel for Defendant City of New York*
*119 Washington Avenue*
*Albany, NY  12210*

*Of Counsel: Daniel W. Coffey*
*Tel:  (518) 268-1916*

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................................ 1

**STATEMENT OF FACTS** .................................................................................................. 2

**LEGAL STANDARDS**...................................................................................................... 3

**ARGUMENT** ................................................................................................................... 4

    **POINT ONE**

        PLAINTIFF CANNOT BRING A § 1983 ACTION
        TO ARGUE FOR HIS INNOCENCE AND
        UNDERMINE HIS CRIMINAL CONVICTION ...................................... 4

    **POINT TWO**

        PLAINTIFF'S CHALLENGES TO STATE
        PAROLE PROCEEDINGS OR PROCEDURES
        ARE IMPROPERLY BROUGHT AGAINST THE
        CITY OF NEW YORK.................................................................................. 7

    **POINT THREE**

        PLAINTIFF FAILS TO STATE A *MONELL*
        CLAIM AGAINST THE CITY OF NEW YORK.................................... 7

**CONCLUSION**.............................................................................................................. 10

## **PRELIMINARY STATEMENT**

Pro se prisoner plaintiff Derrick Hamilton brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his due process and equal protection rights, as well as claims of cruel and unusual punishment.  Specifically, plaintiff, who is currently serving a sentence for a conviction of murder, claims that he was unlawfully investigated, arrested, and convicted, and asserts that the City of New York ("City")[1] ignored or destroyed evidence demonstrating his innocence and was otherwise responsible for his unlawful arrest and conviction.  Plaintiff also complains that the New York State Board of Parole and its Chairwoman, Andrea W. Evans,[2] have prevented plaintiff from having "a [parole] hearing where all the reliable evidence that truly demonstrates my innocence can be assessed" (Compl. ¶ 23) and have wrongfully considered his conviction at his parole hearings.  In sum and substance, plaintiff  claims that he is actually innocent of the murder for which he was convicted and that he has been denied a "fair parole release hearing" (e.g., Compl. ¶ 28) as long as that conviction stands.

Defendant City of New York ("City") now respectfully moves this Court to dismiss the claims asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff has failed to state a claim against it because: (1) plaintiff's claims against the City necessarily imply the invalidity of his conviction or sentence, and therefore cannot be maintained under § 1983, (2) New York City plays no role in formulating policy for or carrying out parole release hearings in New York State, and (3) plaintiff has failed to adequately plead a municipal liability claim.

---

[1] Plaintiff names as a defendant "New York City Municipal," which the undersigned construe as the City of New York.

[2] Plaintiff erroneously states the Chairwoman's name as "Andrea B. Evans."

## STATEMENT OF FACTS[3]

Plaintiff was convicted of murder in 1993.  (<u>See</u> Compl. ¶ 8; <u>see also</u> Letter from State of N.Y. Comm'n of Investigation to Jewel Smith (May 9, 2008), appended to Complaint [hereinafter "COI Letter"].)  He has been incarcerated since then and began appearing before the New York State Board of Parole in September 2009.  (Compl. ¶ 8; COI Letter.)  On December 31, 2009, he purportedly sought a parole hearing to introduce or discuss "evidence that truly demonstrated my innocence" (Compl. ¶ 10), and has continued without success to challenge his conviction through administrative and judicial proceedings over the past two years, including by filing a motion to vacate his judgment and an application for habeas corpus relief (<u>see</u> Compl. ¶¶ 15-17).

Plaintiff now seeks, via the instant action, the opportunity to have a hearing before the State Parole Board so that he may present the evidence that he alleges establishes his innocence, and he further seeks damages, a declaratory judgment, and other injunctive relief. (<u>See</u> Compl. ¶¶ 30-34.)  He names "New York City Municipal" as a defendant, alleging that the City "threw reliable evidence that truly demonstrate[s] I am innocent in the garbage" (Compl. ¶ 21), and, through the actions of the New York City Police Department, did not properly investigate the crime he was ultimately found to have committed and caused him "to be arrested on unreliable statements from a single witness" (<u>id.</u> at ¶ 22.)  Plaintiff also sweepingly asserts that all of the actions alleged in the Complaint are the result of various and unspecified City and State policies that essentially allow wrongful convictions to occur and that allow evidence of those convictions to be used in parole hearings—for example, policies "that permit New York City Police and District Attorney officials to use unreliable witnesses to subject Hamilton to a

---

[3] The allegations in the Complaint are deemed to be true for purposes of this motion only.

presumption of guilt at parole release hearings" (Compl. ¶ 24), or policies "that are deliberate[ly] indifferent to Hamilton['s] right to a fair and impartial parole release hearing[] [b]y using false, unreliable facts to mislead the parole board to believe Hamilton is the person who killed Nathaniel Cash" (Compl. ¶ 27).

## **LEGAL STANDARDS**

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  E.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  To survive such a motion, a plaintiff must set forth factual allegations "sufficient 'to raise a right to relief above the speculative level.'"  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While pro se pleadings are to be construed liberally and read to raise the strongest arguments that they suggest, see, e.g., Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007), this does not relieve pro se plaintiffs of the requirement of providing enough facts to "nudge[] their claims across the line from conceivable to plausible," Bell Atl., 550 U.S. at 570, or of otherwise complying with pleading standards, see, e.g., Bridgeforth v. Popovics, 2011 U.S. Dist. LEXIS 56904, at *13 (N.D.N.Y May 25, 2011) (annexed hereto as Exhibit 1).  A court's consideration is limited to the factual allegations contained in the pleadings, documents attached to the pleadings or incorporated by reference, documents plaintiffs either possessed or knew of and relied on in drafting the complaint, and matters of public record of which judicial notice can be taken. See, e.g., Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Chambers, 282 F.3d at 152-53; Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

3

**ARGUMENT**

**POINT ONE**

**PLAINTIFF CANNOT BRING A § 1983 ACTION TO ARGUE FOR HIS INNOCENCE AND UNDERMINE HIS CRIMINAL CONVICTION**

It is well-established that 42 U.S.C. § 1983 is an improper vehicle for claims that collaterally attack the fact or duration of a state prisoner's confinement, such that a judgment in plaintiff's favor on such claims would necessarily imply the invalidity of his conviction or sentence. See, e.g., Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Such claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by direct appeal, executive order, or a writ of habeas corpus. Heck, 512 U.S. at 487. Moreover, the proper proceeding for a prisoner who seeks to establish that his underlying conviction is unlawful, and thereby obtain swifter release from confinement, is a federal habeas corpus action pursuant to 28 U.S.C. § 2254. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (noting that prisoners may "use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody"); Preiser, 411 U.S. at 500. As set forth below, because plaintiff's § 1983 claims against the City impermissibly challenge his conviction, and because plaintiff has not invalidated that conviction, plaintiff's claims must be dismissed.

Plaintiff's claims against the City of New York amount to claims that the New York City Police Department "and District Attorney officials" destroyed or ignored evidence favorable to plaintiff, used "unreliable witnesses," and did not investigate other "leads," thereby

leading to plaintiff's purportedly wrongful conviction.  (E.g., Compl. ¶¶ 21, 22, 24.)   As plaintiff's conviction has not been overturned or vacated, these are exactly the types of claims that courts have held cannot be maintained under § 1983 because success on such claims "would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson, 544 U.S. at 82; see also, e.g., Skinner v. Switzer, 131 S. Ct. 1289, 1300 (2011) (citing cases); Heck, 512 U.S. at 478-79, 490.  Such claims are appropriate, if at all, only in a habeas corpus proceeding.  See, e.g., Skinner, 131 S. Ct. at 1300 (noting that "Brady[4] claims have ranked within the traditional core of habeas corpus and outside the province of § 1983"); Wilkinson, 544 U.S. at 1247.

Indeed, plaintiff's claims against the City are very similar to the claims at issue in Heck.  In Heck, plaintiff sought exclusively monetary damages under § 1983, alleging that police and prosecutors had violated his civil rights by engaging in an "unlawful, unreasonable, and arbitrary" investigation leading to Heck's arrest, by "knowingly destroy[ing]" evidence that was "exculpatory in nature and could have proved [Heck's] innocence," and by causing unlawful procedures to be used at Heck's trial.  Id. at 479.  The district court determined that Heck's complaint "directly implicate[d] the legality of [Heck's] confinement" and dismissed the claim, id., and the Seventh Circuit Court of Appeals and Supreme Court affirmed, see id. at 490.  In its decision, the Supreme Court explained the differences between the scope and operation of § 1983 and of the federal habeas corpus statutes, see id. at 480-87, reiterating that § 1983 damages actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments," id. at 486, and concluding that when a "judgment in favor of the plaintiff would

---

[4] Brady v. Maryland, 373 U.S. 83 (1963), prohibits suppression of evidence favorable to the accused where the evidence is material to guilt or punishment.  373 U.S. at 87.  Plaintiff's claims against the City include such claims.

necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed, id. at 487.

Similarly here, plaintiff's claims against the City consist of challenges to the arrest, investigation, and trial that ultimately resulted in his conviction, which are claims that were explicitly held by the Heck Court to be outside the scope of § 1983.  See id. at 478-79, 490. Although plaintiff strains to avoid this result by claiming that his suit asserts "procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner" like the parole procedure challenges that were addressed and permitted to proceed under § 1983 in Wilkinson[5] (Compl. ¶ 4), the claims he asserts against the City relate directly to the handling of his arrest and investigation, and if successful would necessarily undermine his conviction.[6]  In sum, because plaintiff's claims against the City involve pretrial conduct that would directly implicate the validity of his conviction (see, e.g., Compl. ¶ 22), such claims fall directly within Heck's holding and cannot be pursued via § 1983.  See, e.g., Skinner, 131 S. Ct. at 1300; Wilkinson, 544 U.S. at 81-82.

---

[5] Wilkinson involved two claims regarding parole procedures: first, a claim challenging the retroactive application of new parole guidelines to cases initiated before the guidelines had gone into effect; and second, a claim challenging the conduct of parole hearings (specifically, that too few parole board members were present and that the parole board had denied one of the respondent prisoners an adequate opportunity to speak).  See 544 U.S. at 76.  Such claims were found actionable under § 1983 because a judgment in favor of the prisoner respondents would not necessarily imply the invalidity of their convictions or sentences.  See id. at 82.

[6] In addition, notwithstanding plaintiff's attempts to characterize his claims against the City as challenges to parole hearing policies and procedures (see, e.g., Compl. ¶¶ 24-28), such attempts fail as both a matter of fact and law, as further explained below in Points Two and Three.

## POINT TWO

### PLAINTIFF'S CHALLENGES TO STATE PAROLE PROCEEDINGS OR PROCEDURES ARE IMPROPERLY BROUGHT AGAINST THE CITY OF NEW YORK

Moreover, even if plaintiff's challenges to State parole proceedings or procedures in the instant action are cognizable under § 1983, such challenges are inappropriately asserted against New York City because the City plays no role in the State parole process.  The New York State Board of Parole is, as its name implies, a branch of the New York State government and is the entity charged with, *inter alia*, making parole and conditional release determinations about specific inmates, determining when further investigation about inmates' backgrounds is necessary, and establishing guidelines for making parole decisions.  See N.Y. Exec. Law § 259-c.  As a matter of law, the City could not provide plaintiff with the relief he seeks in connection with his parole hearings, because it does not provide parole hearings to State prisoners, or issue parole determinations, or set parole release guidelines, and therefore, to the extent that plaintiff seeks a parole hearing or challenges his parole procedures, such claims cannot be maintained against the City.

## POINT THREE

### PLAINTIFF FAILS TO STATE A *MONELL* CLAIM AGAINST THE CITY OF NEW YORK

A municipality may not be sued under 42 U.S.C. § 1983 based on a theory of *respondeat superior*.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978).  Instead, municipal liability attaches only if a plaintiff can show that the alleged deprivation of his constitutional rights resulted from a municipal policy or custom.  Id. at 690-91.  In addition, vague, speculative, or conclusory allegations about the existence of a policy or custom do not suffice to state a § 1983 claim against a municipal defendant.  See, e.g., Perez v. County of

Westchester, 83 F. Supp. 2d 435, 438-39 (S.D.N.Y. 2000) (dismissing municipal claims and rejecting the argument that plaintiff's complaint was "only required to contain a bare assertion that the challenged action was taken pursuant to a municipal policy or custom"), aff'd, 242 F.3d 367 (2d Cir. 2000); see also Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987) ("[A]llegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983."); see generally Bell Atl., 550 U.S. at 555.

      A plaintiff must provide some description of the nature of the policy or custom being alleged, and must allege facts plausibly suggesting that any constitutional violation that occurred was carried out in execution of that policy or custom, rather than being a single incident carried out by one or more individuals below the policy-making level.  See, e.g., DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998); Coleman v. City of Syracuse, 2011 U.S. Dist. LEXIS 456, at *26-27 (N.D.N.Y Jan. 4, 2011) (finding plaintiff's allegations insufficient to make out a claim of municipal liability, when plaintiff alleged, for example, that "it was the policy, custom and/or practice of Defendant City of Syracuse to [1] inadequately investigate complaints of law enforcement personnel's misconduct and acts of misconduct were instead tolerated by Defendant City of Syracuse[, and 2] . . . fail to reprimand, discipline or inadequately reprimand and discipline law enforcement officers for misconduct and past acts of misconduct") (annexed hereto as Exhibit 2); Gause v. Rensselaer Children & Family Servs., 2010 U.S. Dist. LEXIS 125497, at *11 (N.D.N.Y Nov. 29, 2010) (annexed hereto as Exhibit 3); Kenific v. Oswego County, 2010 U.S. Dist. LEXIS 74252, at *78-79 (N.D.N.Y July 23, 2010) (finding plaintiff's allegations insufficient to make out a claim of municipal liability, when plaintiff alleged, for example, that the defendant county had "a custom, policy or practice of making findings of abuse and/or neglect against parents or child custodians upon hearsay allegations of intoxication" and

that "[s]uch policy, custom or practice is without legitimate basis in fact and subjects persons to deprivation and/or risk of deprivation of familial rights without any basis in fact or law") (annexed hereto as Exhibit 4).

Here, plaintiff's allegations concerning the City's municipal liability amount to the type of conclusory, general statements that do not state a constitutional claim.  Plaintiff broadly alleges the existence of City policies that "permit wrongful convictions to be utilized during parole release hearings" (Compl. ¶ 28; see also id. at ¶¶ 26-27) or that permit the use of "unreliable witnesses" in the investigation or prosecution of a crime (see Compl. ¶¶ 24-25), but does not provide any explanation or even suggestion of what these City policies are or how they were carried out or how they otherwise resulted in the deprivations he alleges.  Given that the City does not make policy related to State Parole Board hearings, as explained above, and given that plaintiff's primary claims against the City appear instead to amount to complaints about the handling of his arrest and investigation, at most plaintiff may be heard to allege "facts plausibly suggesting the occurrence of a single incident carried out by one or more individuals below the policy-making level," which "are insufficient to make out a claim of municipal liability." Kenific, 2010 U.S. Dist. LEXIS 74252, at *79.  In short, because plaintiff fails to allege "sufficient facts to support a reasonable inference that a municipal policy or custom resulted in a deprivation of his rights," his claims against the City must be dismissed on this ground as well. Blond v. City of Schenectady, 2010 U.S. Dist. LEXIS 114267, at *9 (N.D.N.Y Oct. 26, 2010) (annexed hereto as Exhibit 5).

## CONCLUSION

For the reasons set forth above, the City of New York respectfully requests that its motion to dismiss be granted, that the Complaint be dismissed in its entirety as to the City, and that the City be awarded such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            July 28, 2011

                        LAW OFFICE OF DANIEL W. COFFEY
                        *Co-Counsel for Defendant City of New York*
                        119 Washington Avenue
                        Albany, NY  12210
                        (518) 268-1916
                        Fax: (518) 207-1916
                        daniel@dcoffeylaw.com

                        By:
                            Daniel W. Coffey, Esq.
                            Bar Roll No. 506125

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        *Attorney for Defendant City of New York*
                        100 Church Street, Room 2-185
                        New York, NY 10007
                        (212) 788-0908
                        Fax: (212) 788-0940
                        tgantz@law.nyc.gov

                        By:
                            Toni Gantz
                            Assistant Corporation Counsel

10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

DERRICK HAMILTON,

                                    Plaintiff,

                  -against-

NEW YORK CITY MUNICIPAL; ANDREA B.
EVANS, Chairwoman of the New York State
Parole Board

                                    Defendants.

------------------------------------------------------------ x

**CERTIFICATE OF SERVICE**

9:11-cv-00348
(DNH/DEP)

     I hereby certify under penalty of perjury that on July 28, 2011, I served the foregoing **Memorandum of Law in Support of Defendant City of New York's Motion to Dismiss** upon Derrick Hamilton, plaintiff *pro se*, and Adrienne J. Kerwin, Esq., Assistant Attorney General, counsel of record for co-defendant Andrea Evans, by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said parties at the addresses set forth below, being the addresses designated by the parties for that purpose:

| | |
|---|---|
| Derrick Hamilton | Adrienne J. Kerwin, Esq. |
| *Plaintiff pro se* | *Counsel for Defendant Andrea Evans* |
| 93-A-5631 | Office of the New York State Attorney General |
| Auburn Correctional Facility | The Capitol |
| P.O. Box 618 | Albany, NY 12224 |
| Auburn, NY 13021 | |

Dated:     New York, New York
            July 28, 2011

               MICHAEL A. CARDOZO
               Corporation Counsel of the City of New York
               Attorney for Defendant City of New York
               100 Church Street
               New York, NY 10007
               (212) 788-0908
               Fax: (212) 788-0940
               tgantz@law.nyc.gov

              By: _____

               Toni Gantz
               Assistant Corporation Counsel